UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMBER LANPHERE, et al.,

    Plaintiffs,

v.

CHAD WRIGHT and THE PUYALLUP TRIBE OF INDIANS,

    Defendants.

CASE NO. C09-5462BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO CONTINUE DEFENDANTS' SUMMARY JUDGMENT MOTION

This matter comes before the Court on Defendants' motion to dismiss or in the alternative for summary judgment (Dkt. 6) and Plaintiffs' motion to continue Defendants' summary judgment motion (Dkt. 8). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motion to dismiss and denies Plaintiffs' motion to continue as stated herein.

## I. PROCEDURAL HISTORY

On July 29, 2009, Plaintiffs filed a complaint against Defendants in this matter. Dkt. 1. On August 13, 2009, Plaintiffs filed their first amended complaint pursuant to Fed. R. Civ. P. 15(a). Dkt. 5.

ORDER - 1

On September 2, 2009, Defendants filed a motion to dismiss or in the alternative for summary judgment. Dkt. 6. On September 11, 2009, Plaintiffs filed a response to this motion. Dkt. 7. On September 25, 2009, Defendants filed a reply to Plaintiffs' response (Dkt. 7). Dkt. 11.

Prior to the Defendants' reply on September 11, 2009 (Dkt. 11), Plaintiffs filed a motion to continue Defendants' summary judgment motion, pursuant to Fed. R. Civ. P. 56(f)(2). Dkt. 8. On September 25, 2009, Defendants filed a response to this motion to continue. Dkt. 12.

## II. FACTUAL BACKGROUND

On April 20, 2005, The Puyallup Tribe (the "Tribe") and the State of Washington entered into a Cigarette Tax Agreement ("Agreement"). Dkt. 6-3. The Agreement required the Tribe to "impose Tribal cigarette taxes on all sales by the Tribe as retailer and by Tribally-licensed retailers of cigarettes to retail purchasers within Indian country." Dkt. 6-3 at 7. As part of the Agreement, the State agreed that "State taxes are not applicable to transactions that comply with the requirements of this Agreement. The State waive[d] its right to collect the State cigarette, sales, and use taxes as to those transactions from the Tribe, Tribally-licensed retailers, state licensed wholesalers from which they purchase, or retail buyers." *Id*.

The Plaintiffs are a class represented by Mr. Paul Matheson, an enrolled Puyallup Indian who owns a retail cigarette business licensed by the Tribe, and Ms. Amber Lanphere, a non-Indian customer of Mr. Matheson's business. Plaintiffs make the following factual allegations in their first amended complaint: that (1) the Agreement is illegal or does not apply to Plaintiffs and, therefore, the tribal tax must be refunded; (2) requiring wholesalers selling to Puyallup Indian retailers to comply with Washington State law violates federal law; (3) requiring cigarette sales by Puyallup Indian retailers to pay into the State "Master Settlement Agreement" is illegal; (4) setting minimum prices for sales by Puyallup Indian retailers is price fixing and violates state and federal law; and

ORDER - 2

(5) the Tribe cannot tax non-Indian, non-reservation purchasers of cigarettes. Dkt. 5 at 16-27.

Prior to commencing the present action, Mr. Matheson filed an action in Thurston County Superior Court against the Puyallup Tribe, the State of Washington, and several State and Tribal officials. *See* Dkt. 6 at 4. In that case, Mr. Matheson urged the Superior Court to find that the Tribe lacked authority to impose its cigarette tax on non-Indian purchasers from his retail business; the case was dismissed, and the Washington State Court of Appeals affirmed the dismissal. 139 Wn. App. 624 (2007) (upholding dismissal of case based on the Tribe's sovereign immunity). The Washington State Supreme Court and the United States Supreme Court both declined to review the Washington State Court of Appeals' decision. *Id.*, *rev. denied*, 163 Wn.2d 1020 (2008), *cert denied* ___ U.S. ___, 129 S. Ct. 197 (2008).

Defendants contend and Plaintiffs do not dispute that, in 2006, the Plaintiffs filed suit in tribal court against the Tribe and its Cigarette Tax Administrator. Dkt. 6 at 4. Defendants contend and Plaintiffs do not dispute that this action in tribal court asked the court to invalidate the Cigarette Tax Agreement and rule that the Tribe cannot impose its tax on non-Indian purchasers, like Ms. Lanphere. *Id*. The tribal court dismissed the action based on the Tribe's sovereign immunity. Plaintiffs appealed the dismissal to the Tribal Court of Appeals. Dkt. 5 ¶ 1.1. Prior to oral argument before the Tribal Court of Appeals, Plaintiffs commenced this action; in response, the Tribal Court of Appeals stayed its appellate proceedings. Dkt. 6-4 (order of Tribal Court of Appeals staying appellate proceedings). Plaintiffs do not dispute Defendants' assertion that the case now stayed in tribal court pertains to the same issues brought before the Court in the present matter. *See generally*, Dkts. 6, 7, and 11.

## III. DISCUSSION

### A. Exhaustion of Remedies

As a threshold matter, the Court must determine whether it is vested with authority to rule in a matter where the same parties have presented the same issues before the Tribal Court of Appeals and that action remains unresolved in the tribal court system. This is the case here. *See* Dkt. 5 (first amended complaint); *see also* Dkt. 6-4 (order staying Tribal Court of Appeals proceedings). Defendants move the Court to dismiss this case because Plaintiffs have failed to exhaust their remedies in the Puyallup Tribal Court. Dkt. 6 at 7.

Tribal authority over the activities of non-Indians on reservation lands is an important part of tribal sovereignty. *See Montana,* 450 U.S. at 565-566; *Washington v. Confederated Tribes of Colville Indian Reservation*, 447 U.S. 133, 152-153 (1980); *Fisher v. District Court*, 424 U.S. 382, 387-389 (1976). "Under the doctrine of exhaustion of tribal court remedies, relief may not be sought in federal court until appellate review of a pending matter in a tribal court is complete." *Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 948 (9th Cir. 2008) (citing *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987)); *see also Nat'l Farmers*, 471 U.S. at 856-57 (1985) (applying doctrine); *Boozer v. Wilder*, 381 F.3d 931, 935-37 (9th Cir. 2004) (same). "A federal court must give the tribal court a full opportunity to determine its own jurisdiction, which *includes exhausting opportunities for appellate review in tribal courts*." *Boozer*, 381 F.3d at 935 (citing *LaPlante*, 480 U.S. at 16-17) (emphasis added). A district court "has *no discretion* to relieve a litigant from the duty to exhaust tribal remedies prior to proceeding in federal court." *Allstate Indemnity Co. v. Stump*, 191 F.3d 1071, 1073 (9th Cir.), *amended*, 197 F.3d 1031 (9th Cir. 1999) (emphasis added). Even where a tribe has allegedly waived its sovereign immunity, "the tribal court must have the first opportunity to address all issues within its jurisdiction." *Marceau v. Blackfeet Housing Authority*, 540 F.3d 916, 921 (9th Cir. 2008). It is important for a court to require exhaustion where the

matter involves tribal government activities within reservation lands. *Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 851 (8th Cir. 2003).

Here, the matter pending before the Tribal Court of Appeals involves the legality of the Agreement between the Tribe and the State of Washington and arises out of circumstances involving the sale of cigarettes by a tribal member on tribal lands to a non-Indian purchaser, a circumstance contemplated by the Agreement. *See* Dkt. 6-3. Put another way, the activities at issue in the matter pending before the Tribal Court of Appeals, which remains unresolved, involve tribal government activities within reservation lands. Dkt. 6-4 (order staying proceedings in the Tribal Court of Appeals); *see also* Dkt. 6-3 (the Agreement). Therefore, an important reason for requiring exhaustion exists, absent some other exception to these general rules.

In opposition, Plaintiffs argue that, in this instance, they need not exhaust their remedies in the tribal court. Dkt. 7 at 3. In doing so, Plaintiffs rely on *Philip Morris USA v. King Mountain Tobacco Co.*, 569 F.3d 932, 940-45 (9th Cir. 2009). However, Plaintiffs' reliance on *Philip Morris* is misplaced.

In *Philip Morris*, the party attempting to avoid the exhaustion rule was an unwilling litigant sued in tribal court. *Id.* at 936 (Philip Morris argued exhaustion was improper where it was an unwilling, non-tribal member participant in the action before tribal court). In deciding *Philip Morris*, the Ninth Circuit Court of Appeals noted that the answer to determining whether the tribal court has jurisdiction, thus requiring an exhaustion, "can be divined in a logical fashion from the teachings of three Supreme Court cases: *Montana*, *Strate*, and *Hicks*." *Id.* at 937. *Hicks* teaches that "we look first to the member or nonmember status of the *unconsenting* party"; Philip Morris was a nonmember. *Id.* (emphasis added) (citing *Nevada v. Hicks*, 533 U.S. 353, 382 (2001) (Souter, J. Concurring) ("It is the membership of the unconsenting party . . . that counts as the primary jurisdictional fact.")). *Montana* and *Strate* held that while "the inherent

ORDER - 5

sovereign powers of an Indian tribe do not extend to the activities of nonmembers," an exception exists to confer jurisdiction over "nonmembers who enter into consensual relationships with the tribe or its members." *Id.* (quoting *Montana v. United States*, 450 U.S. 544, 565 (1981) (setting out restriction)); (citing *Strate v. A-1 Contractors*, 520 U.S. 438, 451 (1997) (setting out exception)).

As distinguished from *Philip Morris*, the unconsenting party in this case is the Tribe which was brought into tribal court by the party now seeking to avoid exhaustion, which is the reverse of the facts presented in *Philip Morris*. *Id*. Putting aside for the moment that the facts in *Philip Morris* are facially distinguishable from the instant matter, even when the Court looks first to the member/non-member status, identified in *Hicks* and discussed in *Philip Morris*, it notes that Mr. Matheson is a tribal member, which means the tribal court can exert jurisdiction over him. *See Philip Morris*, 569 F.3d at 940-45 (citing *Hicks*, 533 U.S. at 382). This logically follows because, otherwise, there would be no reason to confront the question of member versus nonmember status. Further, Ms. Lanphere entered into a consensual relationship with the Tribe, or its members, in at least two ways. First, by voluntarily purchasing cigarettes from Mr. Matheson's store, she engaged in a consensual relationship with a tribal member on tribal lands. *See Strate*, 520 U.S. at 446 (setting out the "consensual relationship" exception to *Montana*). Second, by knowingly availing herself of the tribal court system, Ms. Lanphere, a non-member, has entered into a consensual relationship with the Tribe and is subject to the exhaustion rule. *Cf. Atwood*, 513 F.3d at 948 (tribal court's jurisdiction is proper and tribal remedies must be exhausted where a non-member knowingly enters tribal courts for the purpose of filing suit against a tribal member, as this is considered a "consensual relationship" with the Tribe). Considering these facts together with the relevant law, Plaintiffs cannot complain about the exhaustion rule in a suit they brought in tribal court.

Finally, "[e]xhaustion is prudential; it is required as a matter of comity, not as a jurisdictional prerequisite." *Boozer*, 381 F.3d at 935 (citing *Strate*, 520 U.S. at 451). The

Supreme Court "has crafted narrow exceptions to the exhaustion rule . . . ." *Atwood*, 513 F.3d at 948. Exhaustion is not "required where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, . . . or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Nat'l Farmers Union Ins.*, 471 U.S. at 857, n. 21. Plaintiffs assert, without any analysis, that each of these exceptions is presented in this case. Notwithstanding the fact that it was the Plaintiffs who filed the action in the tribal court to begin with, the Court is not persuaded by Plaintiffs' unsubstantiated claim to any of these exceptions.

Although the Court "has *no discretion* to relieve [Plaintiffs] from the duty to exhaust tribal remedies prior to proceeding" before this Court, it does have discretion to decide whether to dismiss or stay an action pending the proceedings in a tribal court. *Allstate Indemnity,* 191 F.3d at 1073; *National Farmers,* 471 U.S. at 857. For example, in *Atwood*, the Court of Appeals held the district court did not abuse its discretion in dismissing the action where the parties did not dispute that the relevant issue was still pending before the tribal court, which required Plaintiffs to exhaust tribal remedies before proceeding in district court. *Atwood*, 513 F.3d at 948. The same fundamental situation is presented here: a pending matter still exists before the tribal court that pertains to the issues before this Court.

Because there is still a pending matter before the Tribal Court of Appeals, and the Plaintiffs have failed to establish any applicable exception to requiring exhaustion of tribal remedies, the Court grants Defendants' motion to dismiss and requires Plaintiffs to exhaust their tribal remedies before proceeding in federal district court.

**B.     Sanctions**

The Court denies Defendants' request for sanctions against Plaintiffs for their actions in this matter. *See* Dkt. 6 at 9.

## C. Defendants' Motion for Summary Judgment

Because the Court grants Defendants' motion to dismiss (Dkt. 6), it need not reach Defendants' summary judgment motion (Dkt. 6).

## D. Plaintiffs' Motion to Continue

Because the Court grants Defendants' motion to dismiss and does not reach Defendants' alternative motion for summary judgment, the Court need not resolve Plaintiffs' motion to continue Defendants' alternative motion for summary judgment. (Dkt. 8).

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motion to dismiss (Dkt. 6) is **GRANTED**.

DATED this 29th day of October, 2009.

BENJAMIN H. SETTLE
United States District Judge